[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#113)
The plaintiff, Pearl Vatell, filed a complaint against the defendant, Wilton Meadows Limited Partnership, on March 1, 1995. The complaint alleges that the plaintiff slipped and fell on property owned by the defendant. The defendant filed a motion for summary judgment on June 20, 1996, and the plaintiff filed a memorandum in opposition on July 3, 1996. The defendant filed a reply memorandum on August 22, 1996.
The standard of a trial court's decision to grant a motion for summary judgment is well established. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Barrett v. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748
(1995).
The defendant argues that the plaintiff received workers' compensation for the injury, and therefore the complaint is barred under the exclusivity provision, General Statutes § CT Page 869131-284 (a). The plaintiff agrees that she received workers' compensation from her employer, Wilton Meadows Healthcare Center, and would be barred from suit against Wilton Meadows Healthcare Center, but that the healthcare center and Wilton Meadows Limited Partnership are separate entities. The plaintiff provided no evidence in support of her argument.
The defendant replied that the two entities are one and the same. The defendant included an affidavit from Alan Siliko, the assistant controller of Wilton Meadows Healthcare Corporation. He stated that the healthcare center is the general partner of the partnership, that the partnership does business as the healthcare center, and that they are the same entity.
The defendant has raised a genuine issue of material fact within the affidavit. A corporation and a limited partnership are separate legal entities created and governed by separate bodies of law; (see General Statutes § 33-282 et seq. and General Statutes § 34-9 et seq.) Even though the corporation is the general partner of the partnership, there are, by definition, other partners of the limited partnership and the partnership is clearly a separate organization. The defendant should not expect to gain the benefits of separate organizational formats and avoid the consequences of establishing different structures to handle different aspects of the business. Accordingly, the motion is denied.
TOBIN, J.